NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



MAY 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIBEL ZUNIGA,

        Plaintiff-Appellant,

  v.

GOWAN MILLING, LLC,

        Defendant-Appellee,

and

LOURDES GONZALEZ; UNKNOWN PARTIES, named as Jane and John Doe 1–10; ABC Companies 1–10; XYZ Corps. 1–10; and ABC Partnerships 1–10,

        Defendants.

No. 23-4091

D.C. No. 4:21-cv-00243-JCH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John C. Hinderaker, District Judge, Presiding

Argued and Submitted December 3, 2024
San Francisco, California

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Plaintiff Maribel Zuniga appeals the district court's grant of summary

judgment dismissing her claims that her former employer, Defendant Gowan

Milling, LLC ("Gowan"), discriminated against her based on sex, national origin,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and age in violation of federal and state law when Gowan fired her from her job as a manager in 2020. As Zuniga expressly confirmed at oral argument, her appeal challenges only the dismissal of her claims for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Arizona Civil Rights Act, ARIZ. REV. STAT. ANN. §§ 41-1461 to 41-1468. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's summary judgment *de novo*, *Protect Our Cmtys. Found. v. LaCounte*, 939 F.3d 1029, 1034 (9th Cir. 2019), we affirm.

All parties agree that the three-part framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), governs Zuniga's sex discrimination claims under federal and Arizona law. Under that framework, (1) the plaintiff must first "demonstrate[] [her] prima facie case"; (2) then "the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for the adverse employment action"; and (3) "[i]f the defendant meets this burden, . . . the plaintiff must then raise a triable issue of material fact as to whether the defendant's proffered reasons are mere pretext for unlawful discrimination." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017) (simplified).

Assuming *arguendo* that Zuniga has established a prima facie case of sex discrimination, we conclude that Gowan articulated a legitimate, nondiscriminatory reason for firing Zuniga, namely, that Gowan concluded, based

2

on information from multiple employees, that Zuniga had engaged in a sustained pattern of abusive behavior towards her subordinates. One of Zuniga's subordinates, Felipe Herrera, complained to a human resources employee that Zuniga verbally abused him on a daily basis, including yelling and cursing at him, threatening to fire him, and repeatedly humiliating him in front of his coworkers. Another employee, Alejandro Perez Leon, also complained that Zuniga routinely used degrading and profane language in berating employees and that she was particularly abusive towards Herrera. In an ensuing investigation, Gowan received additional reports from several other employees corroborating Zuniga's pattern of verbally abusive behavior, including complaints that she was creating a "hostile environment" for employees. Employees also complained that, during the hot Arizona summer, Zuniga would turn off the workplace air conditioning "for extended periods of time" because its noise interfered with her talking on the phone. Because Gowan articulated neutral and legitimate reasons for Zuniga's termination, the burden shifts back to her to show that Gowan's reasons are pretextual. *See Opara v. Yellen*, 57 F.4th 709, 726 (9th Cir. 2023).

A plaintiff can prove pretext either "(1) directly, by showing that unlawful discrimination more likely than not motivated the employer; (2) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable; or via a

combination of these two kinds of evidence." *Opara*, 57 F.4th at 723 (simplified).

We conclude that Zuniga failed to present sufficient evidence to raise a triable issue of pretext.

Zuniga argues that a reasonable inference of pretext arises from Gowan's failure to impose similar discipline on male managers who she contends engaged in comparable behavior. However, Zuniga failed to adduce evidence that those male managers faced accusations of "problematic conduct of comparable seriousness to that of [Zuniga]." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). Zuniga's limited evidence concerning the complaints made against Madin Lopez and Mike Brandt does not remotely suggest a level of misconduct that could reasonably be viewed as comparable to the scope of the complaints made against Zuniga. Zuniga also points to evidence concerning a complaint made against Jerrod Harvick by two employees.[1] Specifically, Margarita Ruiz, a member of the cleaning staff, testified that on three occasions—in October 2018, January 2019, and March 2019—Harvick yelled and used foul language in complaining about Ruiz's leaving doors open when it was cold. On one of these occasions, Harvick kicked a door while he was complaining, and on another, he kicked a trash can. After Zuniga's termination, a "packaging

---

[1] Harvick's first name is spelled at least four different ways in the record. We defer to the spelling used in Defendant's answering brief.

employee" complained about a single incident of Harvick yelling and using "derogatory language" towards him. Although the evidence concerning Harvick is not as meager as that concerning Lopez and Brandt, it does not support a reasonable inference that Harvick engaged in the same scope of routine and even daily abusive conduct towards multiple employees that was asserted against Zuniga.

Zuniga argues that an inference of discrimination arises from the fact that, in contrast to the male managers against whom complaints were made, Gowan quickly moved to fire Zuniga after its investigation and that Gowan did not even offer her an opportunity to rebut the multiple complaints before terminating her. But given that, as we have explained, the complaints concerning the other managers were not of comparable scope or severity, Zuniga needed to point to some evidence that would support a reasonable inference that Gowan's swift action in terminating her was due to sex discrimination rather than to the seriousness of the complaints against her. *See Crowe v. Wormuth*, 74 F.4th 1011, 1036 (9th Cir. 2023). She failed to do so. Zuniga complains that the lack of evidence of a comparable pattern of conduct with respect to the other managers is itself due to Gowan's differential approach to investigating the various cases, and that "[i]t is likely that other employees, if interviewed, would have provided such evidence" against the other managers. But a plaintiff resisting summary judgment must point

5

to *evidence* creating a genuine issue for trial and cannot rely on speculation about what unpursued lines of inquiry might have shown. *See* FED. R. CIV. P. 56(c)(1).

Zuniga points to various discrepancies in the details of certain witnesses' testimony, and she also notes that after she was terminated her job duties were assigned to a male employee who had worked at Gowan for 12 years. But none of these points, considered in light of the record as a whole, including the other evidence discussed above, provides a reasonable basis to infer that Gowan's proffered reason for firing Zuniga is false and that Zuniga's inference of intentional sex discrimination is correct. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48 (2000).

Accordingly, we conclude that Zuniga failed to present sufficient evidence from which a reasonable jury could find that Gowan did not "honestly believe[] its reason[s] for its actions" and that Gowan was instead engaged in sex discrimination. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) (citation omitted). We therefore affirm the district court's grant of summary judgment.

**AFFIRMED.**